854 F.2d 1316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BWIT FIFTY-FIFTH STREET, INC., d/b/a The Lexington Group,
Inc., Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 No. 88-3006.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1988.
Decided Aug. 2, 1988.
 
 Richard McAlpin Thigpen (Richard E. Thigpen, Jr., Moore & Van Allen on brief) for petitioner.
 William Shepard Rose, Jr., Assistant Attorney General (Gary R. Allen, David I. Pincus, Stuart E. Horwich, Tax Division, Department of Justice on brief) for respondent.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 BWIT Fifty-Fifth Street, Inc., successor in interest to The Lexington Group, appeals the Tax Court's assessment of income tax deficiencies for the taxable years 1980 and 1981.
 
 
 2
 During the years at issue, The Lexington Group was owned and controlled by three individuals--Parker, Nisbet, and Simons--who owned 100% of the corporation's stock, served as its principal officers, and, together with a fourth individual, Nail, made up its board of directors. During the fiscal year ending July 31, 1980, Parker received salary payments from the corporation of $30,900.00 and Nisbet and Simons each received payments of $30,000.00. On July 31, 1980, Nail sent letters notifying each of the three officers that their salary for the prior fiscal year had been set at $55,900.00 and that the unpaid portion of their salaries, $25,000.00 for Parker and $25,900.00 for Nisbet and Simons, was being accrued on the company's books and would "be paid ... by the company when its financial position so permits."
 
 
 3
 During the fiscal year ending July 31, 1981, Parker was paid a salary of $34,500.00 and Nisbet and Simons were each paid $30,000.00. On July 31, 1981, Nail again sent letters to the officers informing them that their salaries had been set at $109,500.00 and that the unpaid balance of $75,000.00 for Parker and $79,500.00 for Nisbet and Simons was being accrued on the company's books to be paid "by the company when its financial position so permits."
 
 
 4
 Lexington, an accrual basis taxpayer, claimed deductions on its federal income tax returns for salaries for each of the three officers in the amounts of $55,900.00 for fiscal year 1980, and $109,500.00 for fiscal year 1981. Parker, Nisbet, and Simons, cash basis taxpayers, reported on their individual returns only the income actually paid to them during the 1979, 1980, and 1981 calendar years.
 
 
 5
 The Internal Revenue Service assessed deficiencies against BWIT Fifty-Fifth Street, Inc. for the 1980 and 1981 fiscal years, contending that Lexington was not entitled to deduct the unpaid portion of the salaries accrued during the tax year.
 
 
 6
 The Tax Court held that the improvement of the company's financial condition was a condition precedent to the payment of the accrued compensation. Since all events determining the fact of the taxpayer's liability had not occurred in the 1980 and 1981 fiscal years, the court concluded that the accrued salaries were not properly deductible in those years. See Putoma Corp. v. Commissioner, 601 F.2d 734 (5th Cir.1979). We find no error in the Tax Court's ruling and affirm its judgment for the reasons articulated in its thoughtful memorandum opinion. BWIT Fifty-Fifth Street, Inc. v. Commissioner, T.C. Memo 1987-516.